UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JEFF CANNON, | ) | |
|     *Plaintiff*, | ) | |
| | ) | |
|     *vs.* | ) | 1:12-cv-00246-JMS-DKL |
| | ) | |
| MOUNTAIN STATES ADJUSTMENTS a/k/a MS | ) | |
| SERVICES, | ) | |
|     *Defendant.* | ) | |

## ORDER

Presently before the Court in this action brought under the Fair Debt Collection Practices Act ("FDCPA") is Defendant Mountain States Adjustments a/k/a MS Services' ("Mountain States") Motion for Summary Judgment, [dkt. 15]. The Court notes at the outset that Plaintiff Jeff Cannon has not responded to Mountain States' motion, despite being provided notice of the motion and of his obligation to respond, [dkt. 17].[1] In the absence of a response by Mr. Cannon, the Court is authorized to summarily rule on Mountain States' motion pursuant to Local Rule 7-1(c)(5) ("The court may summarily rule on a motion if an opposing party does not file a response within the deadline"). In any event, Mountain States' motion is well-taken and the Court will provide a discussion of its merits.

---

[1] Mountain States appears to have relied upon an old version of Local Rule 56-1 in providing Mr. Cannon with a pro se notice of the motion. [*See* dkt. 17 (citing to Local Rule 56.1(h)).] The current version of Local Rule 56-1 requires that a party seeking summary judgment against an unrepresented party serve that party with "the notice contained in Appendix A." L.R. 56-1(k). While Mountain States did not strictly comply with Local Rule 56-1(k), the Court excuses such strict compliance, L.R. 56-1(l), and finds that the notice provided to Mr. Cannon complies with the spirit of L.R. 56-1(k) and was sufficient to put him on notice of the motion and of his obligation to respond. The Court cautions, however, that counsel must always remain apprised of amendments to the Local Rules to ensure compliance with the current version.

# I.
## STATEMENT OF FACTS

Mountain States entered into a "Collection Agency Agreement" with Harley-Davidson Credit Corp. ("HDCC"), wherein HDCC authorized Mountain States to "collect and receive for HDCC all sums of money due or payable to HDCC for those accounts HDCC refers to [Mountain States] for collection."  [Dkt. 15-1 at 2, ¶ 6.]  Before November 2, 2011, HDCC requested that Mountain States assist in the collection of a $6,466.02 debt that Mr. Cannon allegedly owed HDCC.  [*Id.* at 2, ¶ 7.]  Accordingly, Mountain States sent a November 3, 2011 letter to Mr. Cannon stating that his HDCC account had been referred to it for collection and that:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid.  If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of the judgment and mail you a copy of such judgment or verification.  If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.
>
> This is an attempt to collect a debt and any information obtained will be used for that purpose.  This communication is from a debt collector.

[*Id.* at 2, ¶ 8 and 4-5.]

On November 14, 2011, Mr. Cannon sent a letter to Mountain States in which he requested, among other information, that Mountain States verify the debt.  [*Id.* at 2, ¶ 10 and 6.]  On November 17, 2011, Mr. Cannon sent a second letter requesting that the debt be validated.  [*Id.* at 3, ¶ 11 and 8.]  Mountain States sent verification of the debt to Mr. Cannon on November 22,

2011.  [*Id.* at 3, ¶ 12 and 9.][2]  Mountain States did not take any action to collect the debt from when it received Mr. Cannon's first request to validate the debt on November 17, 2011 to its submission of verification of the debt to Mr. Cannon on November 22, 2011.  [*Id.* at 3, ¶ 13.]

On January 24, 2012, Mr. Cannon sued Mountain States in Indiana state court, alleging that it violated FDCPA § 1692g(b) by attempting to collect the HDCC debt before it was validated.  [Dkt. 1-1 at 5-6.]  Mountain States removed the case to this Court on February 22, 2012, [dkt. 1], and filed its Motion for Summary Judgment on October 18, 2012, [dkt. 15].  As noted above, Mr. Cannon has failed to timely respond to the motion.

## II.
### STANDARD OF REVIEW

A motion for summary judgment asks that the Court find that a trial based on the uncontroverted and admissible evidence is unnecessary because, as a matter of law, it would conclude in the moving party's favor.  *See* Fed. R. Civ. Pro. 56.  To survive a motion for summary judgment, the non-moving party must set forth specific, admissible evidence showing that there is a material issue for trial.  Fed. R. Civ. Pro. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

As the current version of Rule 56 makes clear, whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits.  Fed. R. Civ. Pro. 56(c)(1)(A).  A

---

[2] While the verification Mountain States cites to is dated March 23, 2011, [dkt. 15-1 at 9], the Affidavit of Dan Price submitted in support of the Motion for Summary Judgment states that this verification was sent to Mr. Cannon on November 22, 2011, [*id.* at 3, ¶ 12].  Because Mr. Cannon has not disputed this fact, and since it is plausible that Mountain States sent a copy of an earlier statement of Mr. Cannon's account in response to his November 2011 requests, the Court accepts that fact as true.  *See* Fed. R. Civ. P. 56(e)(2) (where party fails to address other party's assertion of fact, court may consider the fact undisputed for purposes of the motion); L.R. 56-1(f) (court will assume that facts asserted by movant and supported by admissible evidence are admitted unless non-movant specifically contraverts them).

party can also support a fact by showing that the materials cited do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. Pro. 56(c)(1)(B). Affidavits or declarations must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on matters stated. Fed. R. Civ. Pro. 56(c)(4). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially the grant of summary judgment. Fed. R. Civ. Pro. 56(e).

The Court need only consider the cited materials, Fed. R. Civ. Pro. 56(c)(3), and the Seventh Circuit Court of Appeals has "repeatedly assured the district courts that they are not required to scour every inch of the record for evidence that is potentially relevant to the summary judgment motion before them," *Johnson v. Cambridge Indus.*, 325 F.3d 892, 898 (7th Cir. 2003). Furthermore, reliance on the pleadings or conclusory statements backed by inadmissible evidence is insufficient to create an issue of material fact on summary judgment. *Id.* at 901.

The key inquiry, then, is whether admissible evidence exists to support a plaintiff's claims or a defendant's affirmative defenses, not the weight or credibility of that evidence, both of which are assessments reserved to the trier of fact. *See Schacht v. Wis. Dep't of Corrections*, 175 F.3d 497, 504 (7th Cir. 1999). And when evaluating this inquiry, the Court must give the non-moving party the benefit of all reasonable inferences from the evidence submitted and resolve "any doubt as to the existence of a genuine issue for trial . . . against the moving party." *Celotex*, 477 U.S. at 330.

## III.
### DISCUSSION

Section 1692g(a) of the FDCPA provides that:

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

After the debt collector's initial communication with the debtor, if a debtor then requests verification of the debt in writing within 30 days of receipt of the debt collector's initial communication, the debt collector must cease its collection efforts until verification is obtained and provided to the debtor.  15 U.S.C. § 1692g(b).  The verification or validation must provide, in writing, that the amount being demanded is what the creditor is claiming is owed.  *See Recker v. Cent. Collection Bureau*, 2005 U.S. Dist. LEXIS 24780, *6 (S.D. Ind. 2005).

The Court finds, based on the evidence Mountain States has submitted and Mr. Cannon has not disputed, that Mountain States complied with the FDCPA in its communications with

Mr. Cannon.  Specifically, Mountain States provided the requisite notice to Mr. Cannon in its

initial communication with him, promptly responded to his request for validation of the debt by

providing that validation (which included the amounts owed and what the amounts were for)

within five days of its receipt of his first request, and refrained from any collection activity from

the time it received Mr. Cannon's first request for debt validation to the time it provided him

with that validation.  Accordingly, Mr. Cannon's FDCPA claim fails as a matter of law.

**IV.**
**CONCLUSION**

For the reasons explained herein, the Court **GRANTS** Mountain States' Motion for

Summary Judgment, [dkt. 15].  Judgment will enter accordingly.

12/28/2012

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Nicholas Ward Levi
KIGHTLINGER & GRAY
nlevi@k-glaw.com

Peter A. Velde
KIGHTLINGER & GRAY
pvelde@k-glaw.com

**Distribution via U.S. Mail:**

Jeff Cannon
10554 Greenway Drive
Fishers, IN 46037